**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TAMARA WAREKA p/k/a TAMARA WILLIAMS,<br><br>                Plaintiff,<br><br>v.<br><br>CLARA MEDINA; MODERN BEAUTY STUDIO, LLC; and DOES 1 through 10 inclusive,<br><br>                Defendants. | Case No. **3:23-cv-57**<br><br>**JOINT REPORT OF RULE 26(f) CONFERENCE OF COUNSEL AND PROPOSED DISCOVERY PLAN** |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the Parties hereby jointly submit their Rule 26(f) Report and Joint Case Management Statement.

**I.    STATEMENT OF THE CASE**

    **A.    Plaintiff's Statement**

Plaintiff Tamara Wareka p/k/a Tamara Williams is a professional photographer. Williams is the sole author and exclusive rights holder to eighteen photographs of female models (the "Photographs").

Defendant Clara Medina owns and operates Defendant Modern Beauty Studio, LLC. Defendants operate the website www.modernbeautystudio.net ("Website") through which they advertise their cosmetic services business. Defendants also advertise via social media pages.

Plaintiff discovered that her Photographs were being used to advertise various services offered Defendant via its Website and social media pages without purchasing a license to the Photographs. Plaintiff subsequently filed this lawsuit on January 5, 2023 alleging a single cause of action for copyright infringement.

1

### B. Defendant's Statement

Defendants believe that they had permission to use the images at issue in this case and that fair use and other defenses will shield them from liability in this matter.

## II. JURISDICTION AND SERVICE

The court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) where Plaintiff has alleged a claim for copyright infringement arising under 17 U.S.C. § 101. No issues regarding personal jurisdiction or venue exist. No additional parties remain to be served. All named parties have appeared in this action.

## III. INSURANCE

### A. Plaintiff's Statement

Neither Plaintiff nor Defendant is currently aware of any insurance agreement that may be responsive to Fed. R. Civ. P. 26(a)(1)(A)(iv).

### B. Defendant's Statement

Defendants do not believe that they have insurance coverage for the claims at issue in this case.

## IV. DISCOVERY PLAN

In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(1)-(4), the parties submit the following:

### A. Proposed Changes to Rules 26(a)(1) Disclosures

The Parties agree that no changes should be made to the form or requirement for disclosures under Rule 26(a)(1).

### B. Discovery

The parties propose the following with regard to discovery:

1. **Scope and Subjects of Discovery**

   a. ***Plaintiff's Subjects on Which Discovery May Be Needed.***
   Without prejudice to its rights to seek discovery on any

      relevant issues, Plaintiff contemplates that it will need and seek discovery concerning: all evidentiary support from Defendants and any relevant non-party regarding Plaintiff's liability claims.

  b. ***Defendant's Subjects on Which Discovery will be Needed.*** Defendants contemplate that they will need and seek discovery concerning all evidentiary support for their defenses from plaintiff and any relevant non-party.

  c. ***Agreed Upon Methods of Discovery.*** The parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admissions, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of the Parties, and other relevant witnesses.

2. **Fact Discovery Completion Dates**

   a. Initial Disclosures – The parties will exchange their Initial Disclosures on or before May 30, 2023.

   b. Amendment of Pleadings – The Parties propose a cut-off date of August 1, 2023 to amend pleadings or join additional parties.

   c. Service of initial written discovery requests shall be no later than June 15, 2023.

   d. Depositions – The Parties propose that all depositions be completed by November 1, 2023.

   e. Fact Discovery Cut-Off – The Parties propose that all fact discovery, including the adjudication of any discovery related

      motion, shall be completed by all parties on or before December 15, 2023.

    f.    Supplementations – Supplementations under Fed. R. Civ. Proc. 26(e) are due in a reasonable time after material, relevant facts are learned, or by court order.

3.    **Protocol for Electronically-Stored Information**

    Disclosure or discovery of electronically stored information should be handled as follows:

    a.    All electronic files are to be produced in their native format as kept in the ordinary course of business, along with any program used to open those files. Metadata shall not be removed from any file prior to production.

    b.    If any electronic file cannot reasonably be produced in its native format, all documents within that file are to be produced electronically in optical character recognized (also known as "OCR"-ed) portable document format (PDF), accompanied by a declaration from counsel explaining the reason the electronic file could not be produced in its native format.

4.    **Procedures for Resolving Disputes Regarding Claims of Privilege**

    The parties agree to use the procedures set forth in Fed. R. Civ. Proc. Rule 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The parties request that this proposed procedure be adopted within the Court's further orders.

5. **Changes in Discovery Limitations**

   The parties do not request any changes in the discovery limitations set forth in the Federal Rules of Civil Procedure.

6. **Expert Discovery**

   Deadlines for disclosure of the identities of expert witnesses that each party may use at trial to present evidence, and any written report from an expert witness required under Fed. R. Civ. Proc. 26(a)(2)(B) will be filed by January 30, 2024. Rebuttal expert reports will be filed by March 15, 2024.

7. **Law and Motion Matters**

   The Parties jointly propose April 1, 2024 as the cutoff date for the filing of dispositive motions.

8. **Additional Matters**

   The parties do not anticipate any special discovery issues.

V. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

   A. **Plaintiff's Statement**

   The parties are currently engaged in substantive settlement discussions. Plaintiff believes the likelihood of settlement is high. If the case does not informally settle, Plaintiff would be agreeable to a settlement conference in front of a Magistrate Judge.

   B. **Defendant's Statement**

   Defendants believe Plaintiff's statement above about the status of settlement negotiations is accurate.

## VI. ARBITRATION AND BIFURCATION

The Parties agree this case is not appropriate for voluntary arbitration or bifurcation.

## VII. TRIAL ESTIMATE

The Parties jointly propose June 10, 2024 as the date for the Final Pretrial Conference.

The parties have requested a jury trial. The parties estimate that trial will last 1 to 3 days.

## VIII. INDEPENDENT EXPERT OR MASTER

The parties agree that the Court need not consider appointing a master pursuant to Fed, R, Civ. P. 53.

## IX. OTHER ISSUES

### A. Plaintiff's Statement

Plaintiff does not anticipate any additional issues arising.

### B. Defendant's Statement

Defendants do not anticipate any additional issues arising.

## X. MAGISTRATE

### A. Plaintiff's Statement

Plaintiff does not consent to proceeding before a magistrate at this time.

### B. Defendant's Statement

Defendants do not consent to proceeding before a magistrate at this time.

    */s/ Melissa A. Higbee*
Melissa A. Higbee, Esq.
NJ Bar No. 030812012
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(714) 617-8349
(714) 597-6559 Facsimile
*Attorney for Plaintiff*

**THE ROTHMAN LAW FIRM LLC**

By:/s/ Jordan I. Rothman
Jordan I. Rothman (JR0055)
500 Fifth Avenue, Suite 938
New York, New York 10110
201-831-1070
jordan@rothman.law
*Attorney for Defendants Clara Medina
and Modern Beauty Salon LLC*